IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICHAEL G. DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN WILLIAM DANFORTH, et al.,<br><br>   Defendants. | CIVIL ACTION NO.: 5:23-cv-11 |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, the Court **DISMISSES** Plaintiff's Complaint in its entirety, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff, a convicted and sentenced state prisoner, alleges Defendant Regional Medical Supervisor denied Plaintiff for hernia repair surgery, even though Defendant Dr. Tucker acknowledges the hernia was "consulted to be repaired" and Dr. Tucker "want[s] it repaired." Doc. 1 at 5. Plaintiff states, "I want surgery so I can be out of pain and suffering plus have normal mobility of my body." Id. Plaintiff adds, "I was given a support belt. It's doing

---

[1]   Plaintiff has consented to the undersigned's plenary review. Doc. 6.

[2]   All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

nothing." Id. As relief, Plaintiff wants monetary damages and for the Court to order surgery be performed. Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

Plaintiff fails to state any claim against any Defendant upon which relief can be granted. Plaintiff fails to state a claim against Defendants Danforth and Stone because he makes no factual allegations against them. Plaintiff fails to state a claim against Defendants Tucker and Regional Medical Supervisor because his allegations fail to state a claim under the Eighth Amendment.

**I.    Defendants Danforth and Stone**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff fails to explain how Defendants Danforth and Stone were involved in any violations of his constitutional rights.

To the extent Plaintiff seeks to hold Defendants Danforth or Stone liable for the acts of their subordinates without alleging any personal involvement, his claim also fails. To hold a supervisory official or an employer liable, Plaintiff must demonstrate either: (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendants Danforth or Stone participated in the events forming the basis of Plaintiff's claims. Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants Danforth or Stone violated any of Plaintiff's

constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Danforth and Stone and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing with respect to Defendants Danforth or Stone. Accordingly, the Court **DISMISSES** Plaintiff's claims against them, as he fails to state a claim against either Defendant.

## II.     Defendants Tucker and Regional Medical Supervisor

Plaintiff invokes the Eighth Amendment as a basis for his claims against Defendants, but he fails to adequately allege any cognizable claim. Doc. 1 at 3. The standard for cruel and unusual punishment under the Eighth Amendment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received

adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. In order to prevail on a deliberate indifference claim under the Eighth Amendment, a prisoner must show three elements: (1) an objectively serious medical need; (2) a defendant's subjective, deliberate indifference to that need; and (3) an injury caused by the defendant's indifference. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

"Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Additionally, "it is well established that a difference in opinion or a disagreement between an inmate and prison officials as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs." John v. Cochran, Civil Action No. 13-0001, 2013 WL 5755189, at *9 (S.D. Ala. Oct. 22, 2013). "The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Owen v. Corizon Health Inc., 703 F. App'x 844, 849 (11th Cir. 2017) (internal citations omitted) (citing Adams, 61 F.3d at 1545). "However, "medical treatment so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" constitutes deliberate indifference." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (internal

quotations omitted).

Here, Plaintiff asserts Defendant Regional Medical Supervisor declined to provide him hernia surgery. Apparently, Defendant "Tucker want[s] it repaired." Plaintiff states no Eighth Amendment claim against either Defendant. At most, Plaintiff describes disagreement with prison officials about the appropriate course of treatment. Plaintiff wants surgery. Instead, he was treated with a support belt. As alleged, this disagreement over the course of treatment does not constitute deliberate indifference to a serious medical need and, therefore, is insufficient to state a claim for a violation of the Eighth Amendment. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendants Tucker and Regional Medical Supervisor.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint in its entirety, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 28th day of March, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA